**E.T.O., INC., d.b.a. "Fergie's Bar," petitioner, Appellant,**

v.

**TOWN OF MARION, et al., Wendell Kuehn, et al., Respondents.**

No. C5–84–1234.

Supreme Court of Minnesota.

Nov. 1, 1985.

---

Terence L. Maus, Rochester, for appellant.

Charles James Stark, Rochester, for respondents.

YETKA, Justice.

This case is here on petition for further review of a court of appeals decision upholding Marion Town Board's decision not to renew the liquor license of appellant, E.T.O., Inc., d.b.a. "Fergie's Bar." The court of appeals had reversed an Olmsted County District Court order finding that the town board had improperly denied the liquor license. We reverse the court of appeals and, based on the present record, order the district court to issue a writ of mandamus requiring the town board to renew the liquor license.

In the fall of 1981, appellant, E.T.O., Inc., inquired of Olmsted County officials concerning an on-sale liquor license for its proposed bar in Marion Township. The county gave informal assurance of a license and E.T.O. proceeded to renovate its building at a cost of $85,000. E.T.O. then went before the Olmsted County Board, which issued the license although it was not the proper licensing authority.[1] E.T.O. opened "Fergie's Bar" in July 1982.

Fergie's Bar appeared before the correct licensing authority, the Marion Town Board, in late 1982 for renewal of its liquor license. Upon hearing neighborhood complaints concerning the bar, the board at first denied the application, but then reversed and renewed the license on December 21, 1982. After the license renewal, respondent Wendell Kuehn stated publicly that the 53 acres he owned across from Fergie's Bar had been devalued by $100,000 since the bar opened. An opening subsequently occurred on the Marion Town Board, and Kuehn was elected based largely on his opposition to Fergie's Bar.

In September 1983, the Burr Oak School building, which had been closed since 1977, was reopened by Rochester Independent School District No. 535 as the Rochester Area Vocational Technical Institute (RAVTI). The parties stipulated that RAVTI is within 1,500 feet of Fergie's Bar.

On November 9, 1983, Fergie's Bar applied with the Marion Town Board for renewal of its liquor license. The board held a public hearing on December 6, 1983. In a 2–1 vote, with Supervisor Kuehn in the majority, the board denied the application. The board found the bar incompatible with the neighborhood and in violation of Minn. Stat. § 340.14, subd. 3(7) (1984), which pro-

---

1. Minn.Stat. § 340.10, subd. 10(2) (1984) (current version codified as Minn.Stat. § 340A.410, subd. 1 (Supp.1985)) provides: "No premises located in a town may be licensed by the county board unless a resolution of the town board of supervisors indicating its support for the granting of the license is filed * * *." This is not an issue on appeal.

hibits the sale of liquor outside of a municipality within 1,500 feet of a public school.[2]

Fergie's Bar petitioned the District Court of Olmsted County for a writ of mandamus directing the board either to renew the license or, in the alternative, to reconsider the application without the participation of Supervisor Kuehn. The court issued a peremptory writ ordering the town board to show cause on December 23, 1985. Fergie's Bar obtained a temporary mandamus injunction on January 4, 1983, allowing the bar to retain its liquor license until final resolution of the case.

The board moved for summary judgment based solely on the licensing restrictions of Minn.Stat. § 340.14, subd. 3(7). On March 9, 1984, the court denied the motion. The court found that, under the definition of "municipality" then in effect in the state Intoxicating Liquor Act, all of Olmsted County qualified as a "municipality."[3] The court concluded, therefore, that the 1,500-foot limitation from a public school did not apply. Fergie's Bar also moved for summary judgment based on Kuehn's conflict of interest in the outcome of the licensing renewal. The district court granted the motion, voiding the vote and ordering the board to reconsider the application without the participation of Kuehn. The court issued its order and writ of mandamus on April 10, 1984, and denied all motions to vacate on June 13. The board then appealed to the Minnesota Court of Appeals.

On June 9, 1984, the court of appeals, in a 5–2 decision, reversed and remanded the district court decision. The court found that Olmsted County was not a "municipality" for the purposes of section 340.14, subdivision 3(7) and that, therefore, the 1,500-foot restriction applied to Fergie's Bar. The majority further found that there were no constitutional problems with section 340.14, subdivision 3(7) and that Kuehn's conflict of interest was not sufficient for the court to invalidate the board's action. The court remanded the case, ordering the district court to determine whether RAVTI was a "public school" under the meaning of the statute and, if it so determined, further to decide whether the action of the board was arbitrary and capricious. The court stated that, in considering the board's action, the district court could take into account Kuehn's conflict of interest.

At oral argument, counsel for Fergie's Bar admitted that RAVTI is a "public" school for the purpose of section 340.14, subdivision 3(7). Counsel also admitted that the Minnesota Legislature, in Minn. Stat. § 340A.412, subd. 4(a)(9) (Supp.1985), has now clearly defined the 1,500-foot prohibition to pertain to areas outside of a "city," dropping the broader term "municipality."[4] Therefore, the only issues to be decided by this court are whether the present section 340A.412, subdivision 4(a)(9) applies to Fergie's Bar and whether Supervisor Kuehn was eligible to vote on

**2.** Minn.Stat. § 340.14, subd. 3(7) (1984) (current version codified as Minn.Stat. § 340A.412, subd. 4(a)(9) (Supp.1985)) provides that liquor may not be sold "when the place of sale is not within a municipality, within 1,500 feet of any public school outside of a municipality * * *."

**3.** Minn.Stat. § 340.07, subd. 11 (1984) (current version codified as Minn.Stat. § 340A.101, subd. 18 (Supp.1985)) provided, for the purposes of the Intoxicating Liquor Act, that the term "municipality" included "a county which is specifically authorized by law to issue an on-sale license." Under this general definition, Fergie's Bar would be within a municipality and, therefore, the statutory prohibition would not apply. Respondents Marion Town Board and Wendell Kuehn maintained that the general definition was not intended to apply to the provisions of

section 340.14, subdivision 3(7). Under current law, the statutory prohibition applies to bars "not within a city" rather than a "municipality." *See* Minn.Stat. § 340A.412, subd. 4(a)(9) (Supp. 1985). Therefore, the dispute as to definition of what is a municipality is now moot. Minn.Stat. § 645.35 (1984). Were there not the reasons given below for exempting Fergie's Bar, the statutory prohibition would apply since the bar is within 1,500 feet of a public school and outside of a city.

**4.** That section now reads: "No license to sell intoxicating liquor may be issued within the following areas: * * * (9) within 1,500 feet of any public school that is not within a city." Minn.Stat. § 340A.412, subd. 4(a)(9).

the question of the license renewal of Fergie's Bar.

■ Appellant argues that the statutory restriction on liquor sales within 1,500-feet of a public school outside of a municipality does not apply. Appellant maintains that, since 1967, a grandfather clause has protected existing liquor establishments that had been built within 1,500 feet of the school and that it would be unlawful not to extend the same grandfather protection to Fergie's Bar. We agree.

The factors which give rise to our conclusion that Fergie's Bar must be excluded from the 1,500-foot limitation are these:

1. It was not clear until the 1985 legislative amendments whether the 1,500-foot limitation even applied to Olmsted County. If the county was, indeed, a municipality as then defined by the Intoxicating Liquor Act, section 340.14, subdivision 3(7) did not apply.

2. There was no school on the site of the old Burr Oak School when Fergie's Bar was issued its license in 1982, and there was no notice that the school would re-open. No school had existed on that site since March 15, 1977, when the Board of Education of Independent School District No. 535 closed Burr Oak School. The entire resolution reads as follows: "BE IT RESOLVED that the Board of Education of Independent School District No. 535, Rochester, Minnesota authorize the closing of Burr Oak School at the conclusion of the current school year." Even though title to the property was retained by the school district, the resolution said nothing about re-opening the school or that it would be held for future school purposes.

Suppose a liquor establishment had been licensed at a time when there were no school, or even a school building, and no notice that such a school would be built within 1,500 feet. If a new school were then to be built within 1,500 feet of the tavern, would the tavern be forced to close? We think the answer is clearly no,

and we see no logical reason for distinguishing such a situation from the circumstances of the present case, for no school existed nor was there notice that a school would soon be opened at the time Fergie's Bar was licensed. We, frankly, think part of the problem here arises because the business happens to be a tavern. We can think of no other licensed business where such a regulation would be so unjustly imposed. The fact that some people do not like a tavern is immaterial. It is a legal business recognized by state law and, therefore, has the same protection under the law as any other business.

■ 3. Businesses holding a liquor license since 1967 are protected under a grandfather clause from the 1,500-foot limitation. Minn.Stat. § 340.14, subd. 3(9) (1984) (current version codified as Minn. Stat. § 340A.412, subd. 4(b) (Supp.1985)). The rationale behind the clause is to prevent licensees from being deprived of their licenses for reasons over which they have no notice or control. To deny Fergie's Bar the same protection would, we believe, be arbitrary and capricious and render the statute invalid.

■ 4. This case is strikingly similar to *Tamarac Inn, Inc. v. City of Long Lake*, 310 N.W.2d 474 (1981), in which officials attempted to deny a liquor license renewal for legally insufficient reasons. In *Tamarac*, the Long Lake City Council refused to renew the license of the Tamarac Inn due to a new zoning law that had been adopted to prohibit liquor licenses in the area where the inn was located and due to alleged liquor ordinance violations that were actually no more serious than those at other establishments. This court held that the city council's action in denying the renewal was arbitrary and capricious. *Tamarac*, 310 N.W.2d at 478. The allegations did not constitute a legally sufficient reason for denying the renewal of license. This court stated:

We have held in the past, in connection with applications for special use permits,

that similarly situated applicants should receive similar treatment by a municipality. * * * Though we do not reach the question of whether the differing treatment accorded the Tamarac rises to the level of an unconstitutional denial of equal protection, the disparate treatment, with no adequate justification, evidences the arbitrary quality of the city's action.

In conclusion, we wish to emphasize that this decision should not be interpreted to mean that the city council cannot exercise its discretion and revoke or fail to renew the respondent's liquor licenses in the future, provided serious violations of law occur. We merely hold that the city council must act reasonably * * *.

*Tamarac*, 310 N.W.2d at 478. Since Fergie's Bar is not prohibited from selling liquor under the statute, the record presents no legally sufficient reason for denying the license renewal. As we emphasized in *Tamarac*, we recognize the discretion allowed local officials to approve or deny a renewal of a liquor license, but we require that the decision be based on articulable and legally sufficient reasons.

■ We next address the issue of Town Supervisor Kuehn's eligibility to vote on the question of the license renewal of Fergie's Bar. We hold that he was ineligible to vote. He has a direct, substantial and flagrant conflict of interest. This court has stated the criteria for determining whether self-interest disqualifies a public official as follows:

The purpose behind the creation of a rule which would disqualify public officials from participating in proceedings in a decision-making capacity when they have a direct interest in its outcome is to ensure that their decision will not be an arbitrary reflection of their own selfish interests. There is no settled general rule as to whether such an interest will disqualify an official. Each case must be decided on the basis of the particular facts present. Among the relevant factors that should be considered in making this determination are: (1) The nature of the decision being made; (2) the nature of the pecuniary interest; (3) the number of officials making the decision who are interested; (4) the need, if any, to have interested persons make the decision; and (5) the other means available, if any, such as the opportunity for review, that serve to ensure that the officials will not act arbitrarily to further their selfish interests.

*Lenz v. Coon Creek Watershed District,* 278 Minn. 1, 15, 153 N.W.2d 209, 219 (1967) (footnote omitted); *see also Township Board of Lake Valley Township v. Lewis,* 305 Minn. 488, 493, 234 N.W.2d 815, 818–19 (1975). Kuehn's interest fits the *Lenz* factors: the decision was adjudicative in nature; Kuehn's pecuniary interest was large; he is the only supervisor with such a conflict of interest; and there was no reason to require the official making the decision to have a personal interest in the outcome. Kuehn's interest was much greater than that of the officials in *Lenz* and *Lewis* where no disqualifying self-interest was found. The court of appeals cited an opinion of the Attorney General to the effect that a substantial self-interest of a council member may disqualify the member from participating in council proceedings involving rezoning. 59a Op. Att'y Gen. No. 32 (Sept. 11, 1978). We think the conflict here is even more substantial. The Attorney General's opinion properly cites Minn.Stat. § 471.87 (1984), which reads as follows:

Except as authorized in section 471.88, a public officer who is authorized to take part in any manner in making any sale, lease, or contract in his official capacity shall not voluntarily have a personal financial interest in that sale, lease, or contract or personally benefit financially therefrom. Every public officer who violates this provision is guilty of a gross misdemeanor.

While it may be argued that issuance of a license is not technically a contract, the

analogy is still strong. In any event, the statute makes clear the intent of the legislature to assure that a public official of Minnesota have no personal financial interest in an action performed in his official capacity. Here, Kuehn stated that his property had been devalued to the extent of $100,000 by the issuance of a liquor license to Fergie's Bar. A more direct, admitted financial interest is hard to imagine. A public official with a direct conflict of interest should not be permitted to vote in such a situation or our statutes and decisions prohibiting conflict of interest would be a mere mockery. Supervisor Kuehn will not be permitted to vote on any further license renewal applications concerning Fergie's Bar as long as his conflict of interest remains.

This case does not decide the question as to whether the license of Fergie's Bar may be revoked for other violations of the law nor does it decide whether the town board or the county can acquire the business by condemnation or eminent domain. However, nothing appears in the record of this case as grounds for denying the renewal of the license.

We, therefore, reverse the court of appeals and hold that Fergie's Bar is eligible, based on the present record, to hold a liquor license. We further hold that Board Supervisor Kuehn was ineligible to vote on the question. We remand the case to the district court with instructions that it order the Marion Town Board and the Olmsted County Board to renew the liquor license of Fergie's Bar.